UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELIQUE L. LINGARD and
SUDARIEN D. SMITH,

    Plaintiffs,

v.                                                  Case No: 6:23-cv-323-JSS-RMN

HOLIDAY INN CLUB VACATIONS,
INC. and WILSON RESORT
FINANCE, LLC,

    Defendants.
_____/

**ORDER**

Plaintiffs filed an unopposed motion to provisionally seal portions of their motion in limine to exclude the expert report and testimony of Defendants' expert Paul Habibi and certain exhibits thereto. (Motion, Dkt. 75.) In their Motion, Plaintiffs state that they "take no position on whether good cause supports sealing the materials," but filed the Motion to afford Defendants 14 days to "substantiate the basis for maintaining the material under seal" pursuant to the parties' confidentiality agreement. (*Id.* at 3–4.) More than 14 days have passed since filing of the Motion and Defendants have neither responded to the Motion nor provided any basis on which the material should be kept under seal. *See* M.D. Fla. Loc. R. 1.11(c). Accordingly, Plaintiffs' Motion is denied.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001)). "Sealing a docketed item . . . used in the adjudication or other resolution of a claim or defense requires a reason sufficiently compelling to overcome the presumption of public access." M.D. Fla. Loc. R. 1.11(a); *see Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597–99 (1987). The public's right of access "is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246. The parties may not restrict the public's right of access to court records through their own agreement in a private confidentiality agreement. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) ("litigants do not have the right to agree to seal what were public records"); *Morgan v. Adventist Health Sys./Sunbelt, Inc.*, No. 6:18-cv-1342-Orl-78DCI, 2019 WL 13185421, at *2 (M.D. Fla. Sept. 9, 2019) ("[T]he parties' private agreement concerning confidentiality does not bind the Court, whether or not the parties agree that documents 'shall' be filed under seal."). Within 14 days after service of a motion to seal, "any party or non-party interested in establishing or

maintaining the seal may file a memorandum supporting the seal." M.D. Fla. Loc. R. 1.11(c).

Plaintiffs filed their Motion seeking to provisionally seal aspects of their motion in limine on July 3, 2024, and provided no basis apart from the parties' agreement that the materials should be sealed. (Dkt. 75.) Defendants have not responded to the Motion, nor have they provided a memorandum establishing good cause to support the seal. *See* M.D. Fla. Loc. R. 1.11(c). The court therefore finds that good cause does not exist to maintain the documents under seal.

Accordingly:

1. Plaintiffs' Unopposed Motion to Seal Under Local Rule 1.11 (Dkt. 75) is **DENIED**.
2. Plaintiffs are directed to file unredacted copies of the documents at issue on the public docket as attachments to a notice within ten days of this order.

**ORDERED** in Orlando, Florida, on July 19, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record