UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELIQUE L. LINGARD and
SUDARIEN D. SMITH,

    Plaintiffs,

v.                                                        Case No: 6:23-cv-323-JSS-RMN

HOLIDAY INN CLUB VACATIONS,
INC. and WILSON RESORT
FINANCE, LLC,

    Defendants.
_____/

## ORDER

Defendants Holiday Inn Club Vacations, Inc., and Wilson Resort Finance, LLC, move for reconsideration of the court's order denying Defendants' Motion to Dismiss (Motion, Dkt. 78). Plaintiffs oppose the Motion. (Dkt. 88.) For the reasons outlined below, the court denies the Motion.

## BACKGROUND

Plaintiffs Angelique L. Lingard and Sudarien D. Smith are active-duty United States Air Force service members who were in a relationship and purchased four different timeshare interests from Defendants during the relationship. (Dkt. 20 ¶¶ 24, 40.) Plaintiffs brought this action on behalf of themselves, and others similarly situated, alleging that Defendants' timeshare contracts violated the Military Lending Act (MLA). (*Id.* ¶¶ 77–106.) Defendants moved to dismiss the Second Amended

Complaint, contending in part that Plaintiff failed to establish standing. (Dkt. 25 at 14–20.) The court granted in part and denied in part Defendants' Motion to Dismiss, finding that Defendants plausibly pleaded facts establishing Article III standing. (Dkt. 36 at 7–16.) Defendants move for reconsideration of the court's order, contending that reconsideration is warranted to correct clear error and to prevent manifest injustice. (Dkt. 78.)

## APPLICABLE STANDARDS

"The [c]ourt's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Though district courts enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024) (emphasis in original). "Indeed, in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underly that justifiable caution." *Id.* (collecting cases). Courts recognize "three grounds [that justify] reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007). "A district court has sound discretion whether to [grant] a motion for reconsideration, and its decision will only be reversed if it abused that discretion." *Wilchombe*, 555 F.3d at 957.

## ANALYSIS

Defendants assert two grounds for reconsideration. First, Defendants maintain that in light of the Eleventh Circuit's ruling in *Louis v. Bluegreen Vacations Unlimited, Inc.*, No. 22-12217, 2024 WL 2873778 (11th Cir. June 7, 2024) (unpublished), clear error resulted when the court determined Plaintiffs sufficiently pleaded that they suffered an injury-in-fact. (Dkt. 78 at 11–13.) Second, Defendants argue that clear error resulted when the court determined that "any harm flowing from the continued enforcement of these allegedly void agreements flows from and is fairly traceable to the MLA violations." (*Id.*)

At the pleading stage, a plaintiff must plead sufficient facts to establish each element of standing: that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *accord Lujan*, 504 U.S. at 560–61. Reconsideration is unwarranted here for several reasons.

First, reconsideration is unwarranted because the *Louis* court did not address whether the plaintiff sufficiently pleaded an injury-in-fact. Rather, the court based its decision on the plaintiff's failure to adequately plead causation. *Louis*, 2024 WL 2873778, at * 2. ("[I]t is not necessary to determine whether the [plaintiffs] have a concrete injury because they lack standing for failing to plead causation.").

Second, the plaintiffs' allegations related to traceability in *Louis* are distinguishable from the allegations here. In *Louis,* the plaintiffs alleged that "they are obligated to pay under the terms of an agreement that is void from inception because it violated the [Military Lending Act] and also because they made a substantial down payment." *Id*. The court held that these allegations were insufficient because "there are no allegations showing how the allegedly unlawful conduct here (MLA violations) affected the [plaintiffs'] financial interests." *Id.* Here, in contrast, Plaintiffs sufficiently alleged that the Military Lending Act violations affected their financial interests. (Dkt. 20 ¶ 12.) Unlike the plaintiffs in *Louis*, Plaintiffs allege that "they paid interest in excess of the amount stated in the agreements in violation of the MLA" and that "they have made payments pursuant to the unlawful agreements, which money they would not have paid but for Holiday Inn knowingly or negligently inducing them into entering into [the] illegal and void agreements[.]" (*Id.*) These allegations sufficiently "establish causation between the alleged payments and the alleged [Military Lending Act] violations." *Louis*, 2024 WL 2873778, at * 2.

Third, as Defendants recognize, *Louis* is unpublished and holds no precedential value. *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016) ("[U]npublished decisions . . . bind no one."); 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . .").

Last, reconsideration is unwarranted because Defendants seek to use a non-binding and distinguishable opinion to reassert arguments that were raised in its

- 5 -

Motion to Dismiss and rejected by the court. (*Compare* Dkt. 25 *with*, Dkt. 78); *see Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d. 1284, 1292 (S.D. Fla. 2012) ("To demonstrate clear error, or manifest injustice, 'the movant must do more than simply restate his or her previous arguments[.]' (citing *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003)); *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) (explaining that a party cannot show clear error or manifest injustice by "merely reargu[ing] points previously considered and rejected by the [c]ourt"). Rather, clear error or manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise[,] and the motion to reconsider should be equally rare." *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283. Defendants make no such claim here and thus fail to identify a clear error or manifest injustice in the court's order denying Defendants' Motion to Dismiss that warrants reconsideration.

## CONCLUSION

Accordingly, it is **ORDERED** that Defendants' Motion for Reconsideration (Dkt. 78) is **DENIED.**

**ORDERED** in Orlando, Florida, on December 20, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record